Shirley D. ANDERSON, Plaintiff-Respondent,

v.

CITY OF MILWAUKEE, Defendant-Appellant-Petitioner.

Supreme Court

*Nos. 94–1030, 94–2162. Oral argument January 8, 1997.—Decided February 28, 1997.*

(Also reported in 559 N.W.2d 563.)

18

For the defendant-appellant-petitioner the cause was argued by *Rudolph M. Konrad*, deputy city attorney with whom on the briefs were *Michael G. Tobin*,

assistant city attorney and *Grant F. Langley*, city attorney.

For the plaintiff-respondent there was a brief by *Thomas M. Pyper* and *Whyte Hirschboeck Dudek, S.C.*, Madison and oral argument by *Thomas M. Pyper*.

Amicus curiae brief was filed by *Claire Silverman,* assistant legal counsel, for the League of Wisconsin Municipalities.

¶ 1.  N. PATRICK CROOKS, J.   The City of Milwaukee (City) seeks review of a published decision of the court of appeals,[1] which affirmed a judgment and order of the Circuit Court for Milwaukee County. The court of appeals held that the City had waived, by omission, the $50,000 liability damage limitation under Wis. Stat. § 893.80(3) (1991–92)[2] when it failed to plead it as an affirmative defense in its answer, and failed to raise it in motions after verdict. The court of appeals further held that the City is not immune under Wis. Stat. § 893.80(4)[3] from liability for the design of a

---

[1] *Anderson v. City of Milwaukee*, 199 Wis. 2d 479, 544 N.W.2d 630 (Ct. App. 1996).

[2] Section 893.80(3) provides in relevant part:

[T]he amount recoverable by any person for any damages, injuries or death in any action founded on tort against any. . .governmental subdivision. . .and against their officers, officials, agents or employes for acts done in their official capacity or in the course of their agency or employment. . .shall not exceed $50,000.

All future references are to the 1991–92 Statutes unless otherwise indicated.

[3] Section 893.80(4) provides in pertinent part: "No suit may be brought against any. . .governmental subdivision. . .or against its officers, officials, agents or employes for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions." Accordingly, the City is afforded immunity

walkway it constructed, owned, and maintained, because the City has a ministerial duty to comply with Wis. Stat. § 101.11,[4] the safe-place statute. We conclude that the $50,000 damage limitation cannot be waived by omission. Instead, the damage limitation may only be expressly waived by a public entity in situations such as outlined in *Stanhope v. Brown County*, 90 Wis. 2d 823, 280 N.W.2d 711 (1979), where the purposes of the damage limitation statute are met. We further conclude that, in this case, the City waived the discretionary immunity defense of § 893.80(4) by failing to plead it as an affirmative defense.[5] Therefore, we do not reach the issue of whether the City has a ministerial duty to comply with the safe-place statute. Accordingly, we reverse the decision of the court of appeals.

I.

¶ 2. On July 8, 1989, Shirley D. Anderson (Anderson) was shopping at the Fondy Farmer's Market when she tripped and fell on a raised line of bricks

under this statute for discretionary acts. *See Estate of Cavanaugh v. Andrade*, 202 Wis. 2d 290, 300, 550 N.W.2d 103 (1996).

[4] Section 101.11(1) provides in relevant part: "Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building as to render the same safe."

[5] It is not inconsistent for this court to hold that the damage limitation under Wis. Stat. § 893.80(3) cannot be waived by omission, but the discretionary immunity defense under Wis. Stat. § 893.80(4) can be waived by omission. These two defenses are distinct because discretionary immunity is an affirmative defense, whereas the damage limitation is not. *See infra* at 31–34 of this opinion.

located on the market's walkway. The City constructed, owned, and maintained the market. Anderson broke her knee as a result of this incident.

¶ 3. On October 6, 1989, Anderson filed what she designated as a "notice of circumstances and claim" with the City, pursuant to Wis. Stat. § 893.80(1)(a). Anderson made a claim for $200,000, but further stated:

> To the extent it is determined that Ms. Anderson's claim is limited to the $50,000 amount set forth in section 893.80(3), Stats., Ms. Anderson hereby makes claim for the full $50,000 without waiving her right to claim the full amount of her compensatory damages should Wisconsin law entitle her to recover such amount.

(Respondent's Appendix at 206.) The City did not respond to the claim; therefore, it was deemed denied under § 893.80(1)(b) after the passage of 120 days.

¶ 4. On July 11, 1990, Anderson filed suit in the circuit court, alleging that the City had violated Wis. Stat. § 101.11, the safe-place statute, by negligently designing, constructing, maintaining, and repairing the walkway. On August 3, 1990, the City filed an answer denying the allegations and pleading the affirmative defenses of contributory negligence and failure to mitigate damages. The City did not raise the Wis. Stat. § 893.80(3) damage limitation or the Wis. Stat. § 893.80(4) discretionary immunity defense in its answer, or in any pre-trial motions.

¶ 5. On January 31, 1991, Anderson filed an offer of settlement of $25,000 with the City. The City refused the offer, and the case proceeded to trial.

¶ 6. A jury trial was held from June 29, 1993 to July 2, 1993, before the Honorable Robert J. Miech. At

the close of the evidence, the City moved for a directed verdict on the basis that it was immune from liability for the design of the walkway under Wis. Stat. § 893.80(4), because this constituted a discretionary act. The circuit court denied the motion.

¶ 7. The City also objected to special verdict question one, submitted by Anderson, which provided: "Was the City of Milwaukee negligent by failing to design, construct, maintain or repair the Fondy Mall walkway as safe as the nature of the walkway would reasonably permit?" The attorney for the City stated: "The only objection I have to [the special verdict] is the question concerning number one, to construct, maintain and all the rest of the stuff. I think negligence with respect to maintenance is all we need in this case and I don't think anything else is relevant." (R. 47 at 48–49.) The circuit court noted this objection, but the question was not changed. On July 2, 1993, the jury found the City negligent and ordered compensatory damages of $443,600.87.

¶ 8. On July 22, 1993, the City filed a motion after verdict, requesting the circuit court to: (1) change the jury answers finding the City negligent; (2) reduce the jury award of damages to "reflect an appropriate sum of money which under the evidence fairly constitutes" Anderson's losses; and (3) set aside the verdict because it was perverse, contrary to the law, and contrary to the evidence. The City never contacted the circuit court to request a hearing on this motion. Accordingly, the motion was considered denied under Wis. Stat. § 805.16(3) after the passage of ninety days.

¶ 9. On November 16, 1993, Anderson submitted a proposed judgment for the full verdict amount of $443,600.87 to the circuit court. On November 19, 1993, the City sent a letter to the circuit court in which

it objected to the proposed judgment based on the damage limitation under Wis. Stat. § 893.80(3). The City also enclosed a proposed judgment for $50,000. On March 18, 1994, the circuit court entered judgment on the verdict pursuant to Wis. Stat. § 805.16(3) because the ninety-day period for motions after verdict had expired. The circuit court therefore signed Anderson's proposed judgment for $443,600.87.[6]

¶ 10.   On April 25, 1994, the City filed a motion for post-verdict relief pursuant to Wis. Stat. §§ 806.07(1)(d) and (h), asking the circuit court to vacate the judgment on the grounds that it was void as a matter of law based on the $50,000 damage limitation under Wis. Stat. § 893.80(3). The circuit court, the Honorable Jacqueline D. Schellinger presiding, denied the motion. The circuit court determined that the judgment was not void because the City waived the damage limitation. The circuit court further concluded that the City was not entitled to equitable relief because it failed to raise the issue in a timely fashion.[7]

¶ 11.   The court of appeals affirmed the judgment and order of the circuit court. The court of appeals determined that the damage limitation under Wis. Stat. § 893.80(3) is not a jurisdictional requirement; therefore, it may be waived by omission if a party does not properly raise it. *Anderson v. City of Milwaukee*, 199 Wis. 2d 479, 491, 544 N.W.2d 630 (1996). Accordingly, the court of appeals concluded that the City had waived the damage limitation by its omission in failing

----

[6] On April 6, 1994, costs were taxed against the City, along with interest in accord with Wis. Stat. § 807.01(4), and added to the judgment for a total sum of $618,492.55.

[7] The City appealed Judge Meich's judgment and Judge Schellinger's order to the court of appeals. The court of appeals consolidated these appeals.

to plead it as an affirmative defense, and failing to raise it in motions after verdict. *Id.* at 491–92. In addition, the court of appeals concluded: "Once the City exercised its overall discretion and decided to design and construct the farmer's market, it had to comply with the safe-place statute mandates." *Id.* at 493. The court of appeals therefore held that the City is not immune from liability under Wis. Stat. § 893.80(4) for the design of the walkway because the City has a ministerial duty to comply with the safe-place statute. *Id.* at 494.

## II.

¶ 12.   The first issue before us is whether a municipality may waive the $50,000 damage limitation under Wis. Stat. § 893.80(3) by omission. Statutory interpretation is a question of law, which we review *de novo*. *E.g., Stockbridge School Dist. v. Department of Pub. Instruction Sch. Dist. Boundary Appeal Bd.*, 202 Wis. 2d 214, 219, 550 N.W.2d 96 (1996); *Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 978, 542 N.W.2d 148 (1996). "The cardinal rule in all statutory interpretation, as this court has often said, is to discern the intent of the legislature." *Hughes*, 197 Wis. 2d at 978 (quoting *Scott v. First State Ins. Co.*, 155 Wis. 2d 608, 612, 456 N.W.2d 152 (1990)). To ascertain the legislature's intent, a court first examines the language of the statute itself. *E.g., UFE Inc. v. Labor & Indus. Review Comm'n*, 201 Wis. 2d 274, 281–82, 548 N.W.2d 57 (1996). However, if the statute is ambiguous, a court must examine the scope, history, context, subject matter, and purpose of the statute to determine the legislature's intent. *E.g., Stockbridge School Dist.*, 202 Wis. 2d at 220; *Jungbluth v. Hometown, Inc.*, 201 Wis.

2d 320, 327, 548 N.W.2d 519 (1996). A court should resolve statutory ambiguities to advance the legislature's basic purpose in enacting the legislation. *UFE Inc.*, 201 Wis. 2d at 288 (citing *State ex rel. Carkel, Inc. v. Circuit Ct. for Lincoln County*, 141 Wis. 2d 257, 265–66, 414 N.W.2d 640 (1987)).

¶ 13.   Accordingly, we turn to the language of Wis. Stat. § 893.80(3). Section 893.80(3) provides in pertinent part: "[T]he amount recoverable by any person for any damages, injuries or death in any action founded on torts against any. . .governmental subdivision. . .shall not exceed $50,000. . . ." The legislature enacted this statute in 1963 in response to a decision of this court abrogating municipal tort immunity. *See Holytz v. City of Milwaukee*, 17 Wis. 2d 26, 115 N.W.2d 618 (1962).

¶ 14.   For almost ninety years prior to 1962, this court held that municipalities in Wisconsin were exempt from tort liability under the doctrine of municipal tort immunity. *See Hayes v. City of Oshkosh*, 33 Wis. 314, 318 (1873) (adopting doctrine of municipal immunity), *overruled by Holytz*, 17 Wis. 2d 26. When, in 1962, the court abrogated this doctrine, it stated: "[H]enceforward, so far as governmental responsibility for torts is concerned, the rule is liability—the exception is immunity." *Holytz*, 17 Wis. 2d at 39. The court determined that such abrogation was within its province because municipal tort immunity was originally a judicially-created doctrine. *Id.* at 30–39. However, the court noted:

> If the legislature deems it better public policy, it is, of course, free to reinstate immunity. The legislature may also impose ceilings on the amount of damages or set up administrative requirements

which may be preliminary to the commencement of judicial proceedings for an alleged tort. See, for example, the notice provisions and the limitation of the amount of damages in sec. 81.15, Stats.

*Id.* at 40.[8] The court thus placed the doctrine of municipal immunity in the hands of the legislature. *See Sambs v. City of Brookfield*, 66 Wis. 2d 296, 317, 224 N.W.2d 582 (1975).

¶ 15. The legislature quickly reacted to the court's decision in *Holytz*. In 1963, the legislature adopted Senate Bill 283, which in part limited the amount recoverable by any person in a tort action against a public entity to $25,000.[9] *See* Laws of 1963, ch. 198. As this court has indicated: "The legislature's goal after *Holytz* was to delineate the liability to which governmental units would be exposed as a result of *Holytz*, to reduce the financial strain, and to enable the

---

[8] The legislature's authority to reinstate immunity or limit recovery in tort actions against the state arises from article IV, section 27 of the Wisconsin Constitution, which provides: "The legislature shall direct by law in what manner and in what courts suits may be brought against the state." *Holytz* had no effect on the state's sovereign right under this constitutional provision to be sued only upon its consent. *See Holytz v. City of Milwaukee*, 17 Wis. 2d 26, 41, 115 N.W.2d 618, 625 (1962).

[9] The original bill contained a damage limitation of $10,000, but this amount was increased to $25,000 by the legislature's adoption of Senate Amendment 4 to 1963 Senate Bill 283. *See* Laws of 1963, ch. 198. In 1979, the legislature increased the damage limitation amount to $50,000. *See* Laws of 1981, ch. 63, § 2.

In addition, the legislature originally codified 1963 Senate Bill 283 as Wis. Stat. § 331.43. The legislature changed the statutory numbering to Wis. Stat. § 895.43 in 1965, and Wis. Stat. § 893.80 in 1979. *See* Laws of 1965, ch. 66, § 2; Laws of 1979, ch. 323, § 29.

governmental units to plan for the risk of such liability." *Sambs v. City of Brookfield*, 97 Wis. 2d 356, 373, 293 N.W.2d 504, *cert. denied*, 449 U.S. 1035 (1980).

¶ 16.   Since the legislature enacted the damage limitation of Wis. Stat. § 893.80(3), the court has been called upon to interpret this statute on several occasions. For example, in *Sambs v. City of Brookfield*, 66 Wis. 2d 296, 224 N.W.2d 582 (1975) (hereinafter "*Sambs II*"),[10] Sambs contended that Brookfield had waived the $25,000 damage limitation by purchasing an insurance liability contract with larger limits. In making its determination, the court reviewed its decision in *Marshall v. City of Green Bay*, 18 Wis. 2d 496, 118 N.W.2d 715 (1963). The court noted that in *Marshall*, it held that Green Bay had waived the defense of sovereign immunity[11] to the limits of a liability insur-

[10] This case is designated as *Sambs II* because the same case was previously before the court regarding a different issue. *See Sambs v. Nowak*, 47 Wis. 2d 158, 177 N.W.2d 144 (1970).

[11] The *Sambs II* court explicitly stated that, in *Marshall*, this court held that Green Bay had waived the defense of sovereign immunity. *See Sambs v. City of Brookfield*, 66 Wis. 2d 296, 315, 224 N.W.2d 582 (1975). However, the *Sambs II* court mistakenly characterized *Marshall*. The *Marshall* court actually held that Green Bay had waived the defense of governmental immunity not sovereign immunity. *See Marshall v. City of Green Bay*, 18 Wis. 2d 496, 501, 118 N.W.2d 715 (1863).

Sovereign immunity, governmental immunity, and discretionary immunity are three distinct concepts. Sovereign immunity is a defense that belongs to the state under article IV, section 27 of the Wisconsin Constitution, giving the state the right to be sued only upon its consent. *See Holytz v. City of Milwaukee*, 17 Wis. 2d 26, 41, 115 N.W.2d 618 (1962). Governmental immunity is a defense to liability that belongs to units of government, such as municipalities, but not to individual officers and employees. *See id.* at 30-33, 39. Lastly, discretion-

ance contract it had purchased which contained a clause providing that the insurer could not raise the defense of governmental immunity. *Id.* at 315–16. However, the court determined that *Marshall* was distinguishable because it involved a judicially-created doctrine of immunity, not a legislatively-created limitation on recoverable damages. *Id.* The court also emphasized that the insurance policy at issue in *Sambs II* did not contain a clause prohibiting the use of the immunity defense or reliance on the statutory liability limitation. *Id.* at 315. The court therefore concluded that Brookfield had not waived the damage limitation by purchasing liability insurance with greater limits.

¶ 17. The court next considered the waiver issue in *Stanhope v. Brown County*, 90 Wis. 2d 823, 280 N.W.2d 711 (1979). The Stanhopes contended that Brown County had waived the $25,000 statutory damage limitation by purchasing liability insurance with greater limits. *Id.* at 846. The policy at issue also contained an endorsement that provided: "It is agreed that to the extent legally possible, the Company will not avail itself of the defense that the Insured is not liable because of the performance of Governmental Functions." *Id.* at 847. In order to decide this issue, the court reviewed the legislative purpose behind the statutory damage limitation. The court stated:

---

ary immunity is a defense to liability that belongs to governmental subdivisions, officers, or employees, such as those listed in Wis. Stats § 893.80(4), for discretionary acts. *See Kimps v. Hills*, 200 Wis. 2d 1, 10-11, 546 N.W.2d 151 (1996); *Barillari v. City of Milwaukee*, 194 Wis. 2d 247, 257, 533 N.W.2d 759 (1995).

> [I]t is for the legislature to choose how limited public funds will be spent. It is within the legitimate power of the legislature to take steps to preserve sufficient public funds to ensure that the government will be able to continue to provide those services which it believes benefits the citizenry. We conclude that the legislature's specification of a dollar limitation on damages recoverable allows for fiscal planning and avoids the risk of devastatingly high judgments while permitting victims of public tortfeasors to recover their losses up to that limit.

*Id.* at 842. The court therefore concluded that a public entity can waive the statutory damage limitation to the extent that it carries liability insurance with greater policy limits, so long as the insurance contract contains a clause that prohibits the insurer from using the immunity defense or relying on the statutory liability limitation. *Id.* The court reasoned that this holding effectuates the legislative objectives behind the statutory damage limitation, because the public treasury is protected and the injured party is compensated. *Id.*

¶ 18. This court again considered the statutory damage limitation in *Sambs v. City of Brookfield*, 97 Wis. 2d 356, 293 N.W.2d 504, *cert. denied*, 449 U.S. 1035 (1980) (hereinafter *Sambs III*). In *Sambs III*, Sambs argued that the statutory damage limitation violates the Equal Protection Clause because it creates an improper subclassification of victims of public tortfeasors. The court indicated: "It is the legislature's function to evaluate the risks, the extent of exposure to liability, the need to compensate citizens for injury, the availability of and cost of insurance, and the financial condition of the governmental units." *Id.* at 377. The court therefore held that the statute does not violate the Equal Protection Clause, because the legislature

30

"could reason that a maximum should be imposed on the amount recoverable in those situations where the burden of unlimited liability may be substantial and the danger of disrupting the functioning of local government by requiring payment of substantial damage awards may be great." *Id.* at 377–78.

¶ 19.   Finally, in *Gonzales v. City of Franklin*, 137 Wis. 2d 109, 403 N.W.2d 747 (1987), the court reaffirmed its holding that a public entity cannot waive the statutory damage limitation by merely entering into an insurance contract for coverage in excess of the liability limit. The court emphasized that "[w]e have previously defined waiver as a 'voluntary and intentional relinquishment of a known right.' [Citation omitted.] Intent to waive is regarded as an essential element of waiver." *Id.* at 128–29. The court therefore concluded that a public entity cannot waive the damage limitation by purchasing insurance coverage if the policy contains no express statement that could be construed to waive the liability limit. *Id.* at 132.

¶ 20.   This line of cases and the history of Wis. Stat. § 893.80(3) establish several factors that are important to our decision. First, the legislature has the constitutional authority to determine the extent of public entities' exposure to liability, and the manner in which individuals may bring suits against public entities. It is also the legislature's function to determine how public funds should be spent, and to evaluate the economic conditions facing other governmental units. Second, the legislature exercised this authority by enacting § 890.80(3). The purposes of this statute are to protect the public treasury and enable public entities to conduct fiscal planning, while also protecting the public interest in compensating injured parties. Third, this court has been reluctant to conclude that the damage

limitation can be waived. In fact, this court has repeatedly held that the damage limitation can be waived only if the legislative purposes of § 893.80(3) are met, and a public entity expressly waives the damage limitation.

¶ 21.   In addition, we conclude that the damage limitation of Wis. Stat. § 893.80(3) is not an affirmative defense that is deemed waived if not raised in a responsive pleading or by motion. The damage limitation is not listed as an affirmative defense in Wis. Stat. § 803.02(3).[12]   Furthermore, although § 802.02(3) explicitly states that affirmative defenses are not "limited to the following," the damage limitation does not fit within the criteria for determining when a matter not specified should be considered an affirmative defense. Specifically, in discussing Rule 8(c) of the Federal Rules of Civil Procedure, which is similar to Wis. Stat. § 802.02(3), Charles Wright and Arthur Miller set forth the criteria of policy, fairness, probability, and surprise for making this determination. *See* Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1271 (1990). The Minnesota Supreme Court, in *Snyder v. City of Minneapolis*, 441 N.W.2d 781, 788 (Minn. 1989), indicated that the relevant criteria are surprise and fairness when determining whether a cap

---

[12] Section 802.02(3) provides in part:

In pleading to a preceding pleading, a party shall set forth affirmatively any matter constituting an avoidance or affirmative defense including but not limited to the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of a condition subsequent, failure or want of consideration, failure to mitigate damages, fraud, illegality, immunity, incompetence, injury by fellow servants, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, superseding cause, and waiver.

32

on municipal tort liability is an affirmative defense. The court concluded:

> [A]s the cap also does not bar plaintiff's action completely it would appear Wright and Miller's surprise factor does dictate the cap need not be pled as an affirmative defense. The other factor considered by Wright and Miller is fairness, "a short-hand expression reflecting the judgment that all or most of the relevant information on a particular element of a claim is within the control of one party or that one party has a unique nexus with the issue in question and therefore that party should bear the burden of affirmatively raising the matter." Wright & Miller, § 1271. Evidence adduced at trial, or control of that evidence is unaffected by a failure to plead the cap and the plaintiff is, or ought to be, well aware of the special nexus between the municipality and the damage cap. Under the relevant criteria by commentators Wright and Miller, the cap on municipal tort liability is not an affirmative defense. . . .

*Id.* at 788; *see also Mitchell v. State*, 596 So. 2d 353, 357 (La. Ct. App.) (finding that statutory cap on damages against the state "does not create an affirmative defense; rather, it imposes a limitation on liability"), *writ denied*, 600 So. 2d 680 (La. 1992). We agree with the reasoning of the *Snyder* court, and likewise conclude that the damage limitation under § 893.80(3) is not an affirmative defense.

¶·22. With all of these factors in mind, we conclude that the damage limitation of Wis. Stat. § 893.80(3) cannot be impliedly waived by failing to raise it in an answer, during trial, or in a post-verdict motion, because this would undermine the purposes of § 893.80(3). However, the damage limitation may be

expressly waived under circumstances that satisfy the purposes of this statute—protecting the public treasury and allowing for fiscal planning. This is consistent with *Sambs II, Stanhope*, and *Gonzales*.[13]

### III.

¶ 23.  The second issue before this court is whether the City is immune from liability under Wis. Stat. § 893.80(4) for violating Wis. Stat. § 101.11, the safe-place statute, with respect to the design of the Fondy Farmer's Market walkway. However, before we reach this issue, we must determine whether the City waived the discretionary immunity defense of § 893.80(4).

¶ 24.  Initially, we conclude that the discretionary immunity defense under Wis. Stat. § 893.80(4) may be waived by omission. Although, at first glance, this may seem inconsistent with our holding regarding the Wis. Stat. § 893.80(3) damage limitation, it is not. The discretionary immunity defense is distinct from the statutory damage limitation because immunity is expressly listed as an affirmative defense in § 802.02(3). Therefore, unlike the statutory damage limitation, discretionary immunity is an affirmative defense that is deemed waived if it is not raised in a responsive pleading or by motion. *See* Wis. Stat. § 802.06(2); *Cords v. State*, 62 Wis. 2d 42, 46, 214

---

[13] Legislative inaction since this court decided *Sambs II, Stanhope*, and *Gonzales* indicates that the legislature agreed with our interpretation of the damage limitation statute. *See State v. Eichman*, 155 Wis. 2d 552, 556, 456 N.W.2d 143 (1990); *Reiter v. Dyken*, 95 Wis. 2d 461, 470–71, 290 N.W.2d 510 (1980).

N.W.2d 405 (1974) (holding that sovereign immunity must be specifically raised or deemed waived).[14]

¶ 25. We next must consider whether the City waived the discretionary immunity defense by omission in this case. The complaint filed by Anderson clearly stated:

> The City of Milwaukee and one or more of its departments and/or city employees were negligent in the following respects:
>     A. Failure to **design** and construct the Fondy Farmer's market in a proper manner to insure that the walkway could not result in an uneven surface that would trip frequenters.

(R. 1 at 5.) (Emphasis added.) In its answer, the City pled the affirmative defenses of contributory negligence and failure to mitigate damages. The City did not plead the affirmative defense of discretionary immunity, despite the fact that the complaint unambiguously referred to the City's alleged failure to comply with the safe-place statute with respect to the design of the walkway. Thus, the discretionary immunity defense under § 893.80(4) is deemed waived.

¶ 26. We note that the City failed to raise the immunity defense as an objection to testimony concerning the safe-place statute and the design of the walkway. In fact, the discretionary immunity issue was never raised until the close of the evidence. At that time, the City contended that the design of the walkway was a discretionary matter on the part of the City

---

[14] A court also may permit the amendment of pleadings if justice so requires. *See* Wis. Stats. §§ 802.02(3) & 802.09(2). However, the City made no motion to amend the pleadings in this case.

engineer, and therefore the City was immune from liability under Wis. Stat. § 893.80(4). The circuit court denied the motion.

¶ 27.   Before this court, the City has not focused on the denial of this motion, but instead has focused on the special verdict. Specifically, the City points to special verdict question one, which provided: "Was the City of Milwaukee negligent by failing to design, construct, maintain or repair the Fondy Mall walkway as safe as the nature of the walkway would reasonably permit?" In its brief, the City states:

> The only remedy for the circuit court's error is a new trial, because the special verdict question included both maintenance and design, and was phrased in the disjunctive. . . . Because the question was phrased in the disjunctive, there is no way of determining what the jury decided.

(Petitioner's brief at 43–44.)[15]

¶ 28.   Wis. Stat. § 805.13(3) provides in relevant part: "Counsel may object to the proposed instructions or verdict on the grounds of incompleteness or other error, stating the grounds for objection with **particularity** on the record. **Failure to object at conference constitutes a waiver of any error in the proposed instructions or verdict.**" § 805.13(3) (emphasis added). As this court has stated: "[I]n the absence of a specific objection which brings into focus the nature of the alleged error, a party has not preserved its objections for review." *Vollmer v. Luety*, 156 Wis. 2d 1, 10,

---

[15] The City conceded at oral arguments that maintenance is a ministerial act that is not subject to the immunity defense of Wis. Stat. § 893.80(4). The City also has not raised the issue of whether construction or repair of the walkway are subject to the discretionary immunity defense.

456 N.W.2d 797 (1990) (quoting *Air Wisconsin, Inc. v. North Central Airlines, Inc.*, 98 Wis. 2d 301, 311, 296 N.W.2d 749 (1980)); *accord Hauer v. Union State Bank*, 192 Wis. 2d 576, 600–01, 532 N.W.2d 456 (Ct. App. 1995).

¶ 29.   In this case, counsel for the City stated: "The only objection I have to [the special verdict] is the question concerning number one, to construct, maintain and all the rest of the stuff. I think negligence with respect to maintenance is all we need in this case and I don't think anything else is relevant." (R. 47 at 48–49.) The City did not state its objection to "design" with particularity, and thereby failed to provide the circuit court with an opportunity to correct this alleged error in the special verdict question.[16] While the City's failure to raise the affirmative defense of immunity in its answer is dispositive, this is another reason for our holding that the City waived the discretionary immunity defense by omission. Because we conclude that the City waived the discretionary immunity defense, we do not reach the issue of whether the City has a ministerial duty to comply with the safe-place statute.[17]

¶ 30.   In conclusion, we hold that the damage limitation under Wis. Stat. § 893.80(3) can only be expressly waived by a public entity in situations such as outlined in *Stanhope*, where the purposes of

---

[16] In addition, we point out that the City did not object to the jury instructions regarding the safe-place statute, which referred only to the City's duty to "construct, repair or maintain such public building as to render the same safe," and did not refer to design. *See* Wis JI—Civil 1904.

[17] Since this determination is dispositive, and since, therefore, we do not reach the ministerial duty—safe place issue, we emphasize that our decision should not be taken as approval of the reasoning of the Court of Appeals on that issue.

§ 893.80(3) are met. The damage limitation cannot be waived by omission. We further conclude that the City waived the affirmative defense of discretionary immunity under Wis. Stat. § 893.80(4), because it did not plead it in its answer.[18] Thus, the cause is remanded to the circuit court for purposes of entering a judgment consistent with the $50,000 damage limitation of § 893.80(3).

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court.

---

[18] As previously explained, it is not inconsistent for this court to hold that the damage limitation under Wis. Stat. § 893.80(3) cannot be waived by omission, but the discretionary immunity defense under Wis. Stat. § 893.80(4) can be waived by omission. *See supra* at 31–34 of this opinion.