NORTHWEST PROPERTIES, a Wisconsin Limited Partner-
ship, Plaintiff-Respondent,†

v.

OUTAGAMIE COUNTY, a municipal corporation,
Defendant-Appellant.

Court of Appeals

*No. 97–3653. Submitted on briefs November 16,
1998.—Decided December 1, 1998.*

(Also reported in 589 N.W.2d 683.)

†Petition to review denied.

· On behalf of the defendant-appellant, the cause was submitted on the briefs of *Joseph P. Guidote, Jr.*, corporation counsel, of Appleton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Charles D. Koehn* and *Herrling, Clark, Hartzheim & Siddall Ltd.*, of Appleton.

On behalf of Wisconsin Association of County Corporation Counsel, there was an amicus curiae brief by *Thomas P. Finley,* corporation counsel of Wausau.

On behalf of State of Wisconsin, Department of Transportation, there was an amicus curiae brief by *James E. Doyle*, attorney general, and *Mary Woolsey Schlaefer,* assistant attorney general.

Before Cane, C.J., Myse, P.J., and Hoover, J.

HOOVER, J.   Outagamie County appeals a judgment granting Northwest Properties' motion for summary judgment. The County contends the trial court erred by concluding that OUTAGAMIE COUNTY, WIS.,

AIRPORT ZONING ORDINANCE § 21.53(4) (July 17, 1990) requiring duplexes to be built on lots of two acres or more is constitutionally arbitrary and irrational. We conclude that the ordinance is rationally related to public safety and therefore reverse.

Northwest Properties purchased approximately twenty acres of land in the Town of Grand Chute in Outagamie County for the purpose of constructing two-family duplexes. Approximately 5.5 acres is located in Zone 3 of the County Airport Overlay District, which restricts residential properties to a one-acre minimum per family unit. As a result, Northwest sought declaratory judgment against Outagamie County to determine the parties' rights under § 114.136, STATS., and ch. 21.50 of the ordinance, requesting that the trial court find the ordinance's residential density restriction invalid and unenforceable. Northwest subsequently brought a motion for summary judgment alleging that the ordinance is unconstitutional.

Northwest argued that the ordinance exceeds the statutory authority granted by § 114.136, STATS., and violates equal protection because it is not rationally related to the public purpose of protecting airport approaches. The County maintains that the ordinance serves a proper public safety purpose and therefore does not violate equal protection. On summary judgment, the trial court agreed with Northwest that the ordinance violated equal protection because it was not rationally related to promoting the public safety, welfare and convenience in protecting aerial approaches.[1] Outagamie County appeals the trial court's order granting summary judgment to Northwest.

---

[1] The trial court did not address whether the ordinance exceeded its authority under § 114.136, STATS.

We review a trial court's decision to grant or deny summary judgment de novo, as a question of law. *M & I First Nat'l Bank v. Episcopal Homes Mgmt.*, 195 Wis. 2d 485, 496–97, 536 N.W.2d 175, 182 (Ct. App. 1995). In making this determination, we apply the same methodology as the trial court. *Id.* The summary judgment methodology is well known, and we need not repeat it "except to observe that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing § 802.08(2), STATS.).

Whether an ordinance is constitutional presents a question of law that we review de novo. *City of Milwaukee v. Hampton*, 204 Wis. 2d 49, 55, 553 N.W.2d 855, 858 (Ct. App. 1996). Zoning statutes and ordinances are presumed to be constitutional. *Id.*; *Shannon & Riordan v. Board of Zoning Appeals*, 153 Wis. 2d 713, 726, 451 N.W.2d 479, 483 (Ct. App. 1989). "Every presumption must be indulged to sustain an ordinance's constitutionality if at all possible. Where doubt exists as to the constitutionality, it must be resolved by finding the legislative enactment constitutional." *Hampton*, 204 Wis. 2d at 55, 553 N.W.2d at 858 (quoted source omitted). The burden is on the challenger to prove unconstitutionality beyond a reasonable doubt. *Laskaris v. City of Wisconsin Dells*, 131 Wis. 2d 525, 533, 389 N.W.2d 67, 71 (Ct. App. 1986).

The County first argues that the ordinance does not exceed its authority as granted under § 114.136, STATS. In Wisconsin, municipalities have no inherent powers. *City of Milwaukee v. Nelson*, 149 Wis. 2d 434, 461, 439 N.W.2d 562, 572–73 (1989). A municipality's

authority in enacting an ordinance is limited by its enabling statute. *Laskaris*, 131 Wis. 2d at 531, 389 N.W.2d at 70. When an ordinance fails to comply with the empowering statute, it is invalid. *Id.* To determine whether the County exceeded its authority under § 114.136 in enacting the ordinance, we are required to engage in statutory interpretation. Statutory interpretation presents a question of law we review without deference to the trial court's decision. *Id.* "The sole purpose of determining the meaning of a statute is to ascertain the intent of the legislature. In determining legislative intent, we look to the plain language of the statute. If the statute is clear on its face, our inquiry as to the legislature's intent ends and we must simply apply the statute to the facts of the case." *In re Peter B.*, 184 Wis. 2d 57, 70–71, 516 N.W.2d 746, 752 (Ct. App. 1994) (citations omitted). "We do not look beyond the plain and unambiguous language of a statute." *L.L.N. v. Clauder*, 203 Wis. 2d 570, 593, 552 N.W.2d 879, 889 (Ct. App. 1996) (quoted source omitted).

Section 114.136(1)(a), STATS., delegates specific regulatory powers to local municipalities and provides:

> Any county, city, village or town that is the owner of a site for an airport which has been approved for such purpose by the appropriate agencies of the state and the federal government *may protect the aerial approaches to such site by ordinance regulating, restricting and determining the use, location, height, number of stories and size of buildings and structures and objects of natural growth in the vicinity of such site* and may divide the territory to be protected into several areas and impose different regulations and restrictions with respect to each area.... Such regulations, restrictions and determinations are declared to be *for the purpose of*

*promoting the public safety, welfare and convenience*, and may be adopted, enforced and administered without the consent of any other governing body. (Emphasis added.)

Municipalities' zoning powers extend to all lands within a three-mile boundary of the airport. Section 114.136(2)(b), STATS. Outagamie County adopted the ordinance in conformity with § 114.136. The ordinance divides the area surrounding the airport into three zones. The relevant Zone 3 restriction states:

4. Other residential which meet the following standards:

a. One acre minimum lot size per unit.

b. Maximum lot coverage of 50%.

c. Airport zoning permit is obtained from the Inspector.

Northwest asserts that the County exceeded its authority under § 114.136, STATS., because the statute authorizes zoning for the protection of the aerial approach to airport runways only in regard to height. Northwest claims that "The term 'height' is repeatedly referenced in the statute. Acreage and minimum lot sizes are not mentioned or even inferred [sic] anywhere in this statute for either single family or two-family homes." We disagree and conclude that the statute authorizes limiting a residential unit to a minimum lot size.

Statutes should be construed so that no word or clause will be rendered surplusage. *State v. Martin*, 162 Wis. 2d 883, 894, 470 N.W.2d 900, 904 (1991). If at all possible, every word in the statute must be given meaning. *Id.* If the legislature had intended regulation

of height exclusively, it would have referred only to height in establishing a municipality's powers. The statute, however, goes beyond zoning for height and includes the authority to regulate "*use, location,* height, number of stories and size of buildings and structures and objects of natural growth . . . ." (Emphasis added.) Here, the statute unambiguously permits a municipality to regulate the use and location of buildings, structures and objects in the vicinity of the airport.

The terms "use" and "location" are not defined in the statute itself. Absent a definition in the statute, words are construed according to their common and approved usage, which may be established by resort to recognized dictionaries. *State v. Gilbert,* 115 Wis. 2d 371, 378, 340 N.W.2d 511, 515 (1983). According to WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2523 (unabr. 1993), "use" is defined as "a method or manner of using something" and includes "to occupy a place as a settled residence or habitat." *Id.* at 2524. "Location" is defined as, "the act or process of marking out an area of the land." *Id.* at 1327. These terms, as defined, are broad enough to encompass a restriction limiting individual residential units to a minimum of one acre.

Northwest further argues that the ordinance violates equal protection. Northwest's challenge does not involve a fundamental right or a classification based on a suspect class. We therefore employ the rational basis test in determining whether an ordinance withstands an equal protection challenge. *Hampton,* 204 Wis. 2d at 59, 553 N.W.2d at 859. "Under the 'rational basis test,' we must uphold a legislative classification if there exists *any* reasonable basis to justify that classifica-

tion. To decide if there is any reasonable basis, this court is obligated to find or construct, if possible, a rationale that might have influenced the legislature and that reasonably upholds legislative determinations." *Id.* (Emphasis added.)

The County provides several purposes for requiring single family residential units to be confined to a minimum of one acre: (1) to limit the number of residences impacted by air traffic noise, particularly in light of the ever increasing but unknown variable of airport development and air traffic growth; (2) to provide sufficient area for the growth of natural sound buffers, such as trees and shrubs; and (3) to lessen the number of residential structures within the approaches to the airport for safety purposes, particularly with respect to falling debris from aircraft and in the event of emergency or crash landings within the approaches. "[T]he grant of power in § 114.136, STATS., is a limited grant of state power to the municipalities to carry out a valid state police power to promote the public safety along aerial approaches to airports." *Schmidt v. City of Kenosha*, 214 Wis. 2d 526, 536, 571 N.W.2d 892, 896 (Ct. App. 1997). We conclude that limiting residential units to a minimum of one acre is rationally related to the purpose of public safety in that it lessens the number of residences within the aerial approach to injury and damage due to falling debris and possible emergency or crash landings within the approaches.[2] Therefore, because there is a rational

---

[2] Northwest maintains that there is no rational relation to the protection of the aerial approach in that the ordinance irrationally permits dense population use in commercial activities. Equal protection in the context of zoning laws, however, means that those in similar circumstances, among whom no reasona-

basis for the classification, we conclude that the ordinance does not violate equal protection.[3]

*By the Court.*—Judgment reversed.

ble basis for distinction exists, must be treated equally. *See Browndale Int'l Ltd. v. Board of Adjust.*, 60 Wis. 2d 182, 203–04, 208 N.W.2d 121, 132–33 (1973). The equal protection analysis does not apply to this case because residential property owners are not in the same circumstances as commercial property owners.

[3] Because we conclude that the residence density restrictions are rationally related to public safety concerns, we will not address the parties' arguments in regard to air traffic noise. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983) (only dispositive issues need be addressed).