LIBERTY GROVE TOWN BOARD,
Plaintiff-Appellant,†

v.

DOOR COUNTY BOARD OF SUPERVISORS,
Defendant-Respondent.

Court of Appeals

*No. 2004AP2358. Submitted on briefs March 14, 2005.
—Decided June 7, 2005.*

2005 WI App 166

(Also reported in 702 N.W.2d 33.)

† Petition to review denied 8-25-05.

816

817

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert J. Kay* and *Robert A. Mich, Jr.* of *Kay & Andersen, S.C.*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Charles H. Bohl, Andrew A. Jones* and *Amy Weber Shambarger* of *Whyte Hirschboeck Dudek S.C.*, Milwaukee.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. The Liberty Grove Town Board appeals a summary judgment dismissing its claims against the Door County Board of Supervisors. Liberty Grove argues it has exclusive authority to name roads within the town, and Door County's ordinance illegally infringes on Liberty Grove's road naming authority. We conclude that towns do not have exclusive authority over road naming. We also conclude that the ordinance is within Door County's statutory authority. Accordingly, we affirm the judgment.

## BACKGROUND

¶ 2. On February 22, 2000, Door County passed Ordinance 02–00, which established a naming and numbering system for roads in unincorporated portions of the county. Door County sought to eliminate duplicate road names within the county because duplication presents problems for emergency services, particularly the 911 emergency dispatch system. To implement the ordinance, Door County identified du-

plicate road names, determined how many addresses in each town would be affected by changing the name, and requested towns with the fewest affected addresses to change the road name. Door County requested Liberty Grove to change twenty road names. Liberty Grove refused to change seven of them.

¶ 3. On November 19, 2003, Liberty Grove commenced this action seeking a declaratory judgment that towns, not counties, have the exclusive right to name town roads. It also sought a permanent injunction prohibiting Door County from interfering with Liberty Grove's road naming authority.

¶ 4. Door County moved for summary judgment. The circuit court concluded that although Liberty Grove had the "initial and paramount authority" to name town roads within its jurisdiction, that power was "subject to [the county's] limited exercise of authority under [the ordinance] in the case of duplicate names in different towns." It therefore granted Door County's motion and dismissed Liberty Grove's complaint.

## STANDARDS OF REVIEW

¶ 5. We review a summary judgment independently, using the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08.[1]

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

¶ 6. The issues presented involve the construction of statutes and ordinances, which are questions of law that we review independently. *Forest County v. Goode*, 215 Wis. 2d 218, 224, 572 N.W.2d 131 (Ct. App. 1997), *aff'd*, 219 Wis. 2d 654, 579 N.W.2d 715 (1998). We are also asked to determine whether the County exceeded its statutory authority when it enacted the ordinance, which is also a question of law subject to independent review. *See Northwest Props. v. Outagamie County*, 223 Wis. 2d 483, 488, 589 N.W.2d 683 (Ct. App. 1998).

## DISCUSSION

### *Whether Towns Have Exclusive Authority to Name Roads*

¶ 7. Liberty Grove argues that towns have exclusive authority to name roads within their jurisdictions, relying on WIS. STAT. § 81.01(11) (2001–02) and WIS. STAT. § 60.23(17). Door County also claims statutory authority to name and change the names of town roads, relying on WIS. STAT. § 59.54(4) and (4m).

¶ 8. When interpreting statutes, we begin with the plain language of the statute. *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. When asked to interpret statutes that appear to be inconsistent, we look for compatibility, not for conflict. "It is a cardinal rule of statutory construction that conflicts between different statues, by implication or otherwise, are not favored and will not be held to exist if they may otherwise be reasonably construed." *Tamminen v. Aetna Cas. & Sur. Co.*, 109 Wis. 2d 536, 544, 327 N.W.2d 55 (1982) (citation omitted).

¶ 9. WISCONSIN STAT. § 81.01(11)[2] provides:

> The town board shall have the care and supervision of all highways in the town, except as otherwise provided. The town board shall:
>
> . . . .
>
> (11) By ordinance, assign a name to each of the roads in the town under town board jurisdiction. No road name may be used on more than one road within the jurisdiction of the town.

The word "shall" is presumed to be mandatory when it appears in a statute. *Swatek v. County of Dane*, 192 Wis. 2d 47, 58, 531 N.W.2d 45 (1995). Therefore, by its plain language, this statute requires a town to assign a name to each road within the town's jurisdiction.

¶ 10. Liberty Grove also relies on WIS. STAT. § 60.23(17), which states:

> The town board may:
>
> . . . .

---

[2] All references to WIS. STAT. § 81.01(11) are to the 2001–02 version of the statutes. This section has since been amended and renumbered. *See* 2003 Wis. Act 214, § 114. Now part of WIS. STAT. § 82.03, "Duties of town board," the statute reads:

> (7) HIGHWAY NAMES. The town board shall, by ordinance, assign a name to each of the roads that are under the town's jurisdiction. No road name may be used on more than one road within the jurisdiction of the town.

The parties argue the effect of the deletion of the phrase "except otherwise provided" in the amended statute. However, the phrase appears in introductory language, not in the section pertaining to road naming. The parties' arguments regarding the phrase are unpersuasive.

(17) CHANGE STREET NAMES. Name, or change the name of, any street in the town under s. 82.03(7).

The use of the word "may" in a statute implies discretionary authority. *Swatek*, 192 Wis. 2d at 59. By its plain language, then, WIS. STAT. § 60.23(17) gives towns the discretion to name or change the name of a road within their jurisdiction.

¶ 11. Door County contends it has road naming authority by virtue of WIS. STAT. § 59.54. The relevant portions of that section read:

(4) RURAL NAMING OR NUMBERING SYSTEM. The board may establish a rural naming or numbering system in towns for the purpose of aiding in fire protection, emergency services, and civil defense, and appropriate and expend money therefor, under which:

(a) Each rural road, home, business, farm or other establishment, may be assigned a name or number.

(b) The names or numbers may be displayed on uniform signs posted on rural roads and intersections, and at each home, business, farm or other establishment.

(4m) RURAL NAMING OR NUMBERING SYSTEM; TOWN COOPERATION. The rural naming or numbering system under sub. (4) may be carried out in cooperation with any town or towns in the county.

The plain language of this statute gives counties discretionary authority to establish a rural naming or numbering system when the purpose of the system is to aid in fire protection, emergency services and civil defense. The statute also gives counties discretion to give each road a name or number and to cooperate with towns to implement the system.

¶ 12. The parties agree the three statutes can be harmonized by reasonable construction to avoid conflict, but disagree on the manner of doing so. Liberty Grove urges us to harmonize the statutes as follows. WISCONSIN STAT. §§ 81.01(11) and 60.23(17) specifically address road naming and therefore towns have exclusive road naming authority. WISCONSIN STAT. § 59.54(4) gives counties the authority to implement a naming system, a numbering system, or a combination of both. If a county chooses a numbering system, there is no conflict with town naming authority. If a county chooses a naming system or a combination system, conflict is avoided when the county seeks town approval of any name changes. If a town does not approve, the county can resolve any name duplication problems through numbering. Accordingly, Liberty Grove argues the statutes should be harmonized to give towns exclusive authority over road names and counties subordinate authority to implement naming systems, conditioned on town approval.

¶ 13. Door County contends that Liberty Grove's proposed reading of the statutes is unreasonable because it distorts the statutes' plain language. We agree. The plain language of WIS. STAT. § 59.54(4) and (4m) does not condition a county's road naming authority on town consent. Rather, the naming systems "*may* be carried out in cooperation with" a town. WIS. STAT. § 59.54(4m) (emphasis added). The only condition on the county's authority to implement a road naming system is that it be related to fire protection, emergency services or civil defense. *See* WIS. STAT. § 59.54(4). Liberty Grove would have us interpret § 59.54(4m) to read that a naming system could be implemented *only* in cooperation with the town.[3]

---

[3] Liberty Grove offers several alternatives to Door County's road naming system that eliminate the need to obtain town

¶ 14. Door County also argues that if we read the statutes as Liberty Grove suggests, a county's statutory authority to implement a naming system is eviscerated. Statutes should be interpreted so that no provision is rendered meaningless. *Wagner v. Milwaukee County Election Comm'n*, 2003 WI 103, ¶ 33, 263 Wis. 2d 709, 666 N.W.2d 816. A county's authority to implement a naming system is meaningless if that authority can be usurped by a town's refusal to consent to road name changes.

¶ 15. We conclude that a town has initial authority to name town roads by virtue of Wis. Stat. § 81.01(11). However, the town's authority is subject to the county's discretionary authority, under Wis. Stat. § 59.54(4), to establish a road naming and numbering system for the specific purpose of aiding in fire protection, emergency services and civil defense. A county may cooperate with a town regarding road name changes. *See* Wis. Stat. § 59.54(4m). Ultimately, however, a county has authority to implement name changes, even if a town does not consent, when the name changes are made under the system pursuant to Wis. Stat. § 59.54.

### *Whether the Ordinance is Enforceable*

¶ 16. Liberty Grove argues Door County, Wis.,

consent to name changes, including using different numbering ranges in different towns and adding town names to road signs, e.g., "CEDAR ROAD in the Town of Liberty Grove." However, that there is an alternative way to achieve a statutory purpose does not affect the legitimacy of the means chosen by Door County to achieve that purpose. *See State ex rel. Grand Bazaar Liquors, Inc. v. City of Milwaukee*, 105 Wis. 2d 203, 211–12, 313 N.W.2d 805 (1982).

Ordinance 02–00 (Feb. 22, 2000), is unenforceable because it was enacted for improper purposes and therefore exceeds Door County's statutory authority.[4] A county's statutory authority is limited to that provided in the enabling statute. *Northwest Props.*, 223 Wis. 2d at 487–88. "When an ordinance fails to comply with the empowering statute, it is invalid." *Id.* at 488. Here, the enabling statute, WIS. STAT. § 59.54(4), gives Door County the authority to implement a road naming system "for the purpose of aiding in fire protection, emergency services, and civil defense . . . ."

¶ 17. Section 2 of the Door County ordinance, entitled "PURPOSE," provides:

(a) Public protection and safety;

(b) Aiding in law enforcement, fire protection, emergency services and civil defense;

(c) Alleviate confusion and difficulties by elimination of duplicate names or numbers by mandating adequate signage, and by requiring uniformity[; and]

(d) Assist public and private entities in the timely and efficient delivery of goods and services.

Liberty Grove contends that purposes (c) and (d) exceed Door County's statutory authority. Regarding purpose (c), Liberty Grove argues that, had the legislature

---

[4] Liberty Grove also contends the ordinance is unenforceable because it does not require Door County to seek town consent for road name changes. However, we have already concluded that a county is not statutorily required to obtain town consent for road name changes and, therefore, Liberty Grove's argument fails.

wanted counties to eliminate road name duplication and confusion, it would have expressly given counties that authority. *See* WIS. STAT. § 81.01(11) ("No road name may be used on more than one road within the jurisdiction of the town."). However, eliminating duplication and confusion aids Door County's emergency services. Because assisting emergency services is an expressly permitted purpose under the enabling statute, purpose (c) of the ordinance is a proper one.[5]

¶ 18. Liberty Grove also argues that purpose (d) exceeds Door County's statutory authority. To the extent that the ordinance seeks to aid "private entities in the timely and efficient delivery of goods and services," we agree that Door County has exceeded its authority under WIS. STAT. § 59.54(4). However, even assuming purpose (d) is invalid, we need not conclude the ordinance is unenforceable.[6] Purpose (d) has no independent effect on the substantive portion of the ordinance establishing Door County's road naming system. Be-

---

[5] Therefore, Liberty Grove's argument that various portions of Door County's Uniform Addressing System Manual regarding duplication show Door County's intent to pass the ordinance for impermissible purposes is unpersuasive.

[6] Our reasoning is analogous to a severability analysis. We may sever the unenforceable portions of an ordinance and leave the remainder intact. *City News & Novelty, Inc. v. City of Waukesha*, 231 Wis. 2d 93, 119, 604 N.W.2d 870 (Ct. App. 1999). Indeed, this ordinance includes an express severability clause: "If any provision of this ordinance is held to be void, invalid, unconstitutional or unenforceable by a court of competent jurisdiction, the remaining provisions of this ordinance shall not be affected thereby." Striking purpose (d) does not affect the ordinance as a whole.

cause the purposes enumerated in (a)-(c) are statutorily authorize the ordinance, the ordinance is enforceable.

*By the Court.*—Judgment affirmed.