James L. KOSKEY and Carrie J. Koskey, Petitioners-Appellants,†

v.

The TOWN OF BERGEN, Respondent-Respondent.

Court of Appeals

*No. 99–2192. Submitted on briefs April 17, 2000.—Decided May 2, 2000.*

## 2000 WI App 140

(Also reported in 614 N.W.2d 845.)

†Petition to review denied.

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *Joseph M. Norby* of *Wynia, Billings & Hutchinson, S.C.*, Marshfield.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Richard J. Weber* of *Kelley, Weber, Pietz & Slater, S.C.*, Wausau.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1.   PETERSON, J.   James and Carrie Koskey appeal the dismissal of their inverse condemnation action[1] against the Town of Bergen. They claim that the Town condemned their land without compensating them. The Town did not compensate the Koskeys because it decided that the land belonged to others. The

---

[1] Inverse condemnation is a procedure where a property owner petitions the circuit court to institute condemnation proceedings. *See* Wis. Stat. § 32.10 (1997–98). All statutory references are to the 1997–98 edition.

Koskeys, who had full notice throughout the Town's condemnation proceedings, did not appeal the Town's decision. We conclude that the Koskeys may not pursue an inverse condemnation action because the Town had already exercised its power of condemnation. Accordingly, we affirm the order.

BACKGROUND

¶ 2.   James and Carrie Koskey own land in the Town of Bergen. They purchased their land in 1984 from James Koskey's parents. In 1998, residents of the Town petitioned to widen Bergen Road, a road that abuts the Koskeys' property. The Town gave appropriate notice to its residents and surveyed the land surrounding the road to determine what property would be needed for expansion. The survey showed that the road was somewhat out of line from the description in the Koskeys' deed, and a question arose as to who owned a strip of land necessary for expanding the road. The Town determined that the land was still owned by James Koskey's parents and compensated them instead of the Koskeys.

¶ 3.   The Koskeys did not appeal the Town's decision. Instead, after the appeal time expired, they brought an inverse condemnation suit against the Town, claiming that their land was taken without compensation. The circuit court dismissed the suit after concluding that the Koskeys would only be authorized to bring an inverse condemnation action if the Town had not already exercised its condemnation authority. The court ruled that once the Town exercised its condemnation authority, the Koskeys' remedy was to appeal the Town's decision.

## DISCUSSION

■■

¶ 4.    The Koskeys argue that an inverse condemnation proceeding under WIS. STAT. § 32.10 is the appropriate remedy for challenging the Town's failure to compensate them for their property. This issue involves the interpretation and application of a statute to undisputed facts, a question of law we review without deference to the circuit court. *See Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315 (Ct. App. 1997). Our goal in interpreting a statute is to discern the intent of the legislature. *See State v. Rosenburg*, 208 Wis. 2d 191, 194, 560 N.W.2d 266 (1997). To determine the legislature's intent, we first look to the statute's language. *See N.E.M. v. Strigel*, 208 Wis. 2d 1, 7, 559 N.W.2d 256 (1997). If that language is unambiguous, we do not look beyond it to determine its meaning. *See id.*

■

¶ 5.    We conclude that the language of WIS. STAT. § 32.10 is clear and unambiguous. Section 32.10 provides in relevant part:

> **Condemnation proceedings instituted by property owner.** If any property has been occupied by a person possessing the power of condemnation and if the person has not exercised the power, the owner, to institute condemnation proceedings, shall present a verified petition to the circuit judge of the county wherein the land is situated asking that such proceedings be commenced.

The clear and unambiguous language of the statute allows a property owner to institute condemnation proceedings against anyone who possesses, but fails to exercise, the power of condemnation. Here, the person

occupying the land is the Town, *see* WIS. STAT. § 32.01, and the owners are the Koskeys. But the Town already exercised its power of condemnation. It awarded compensation for the disputed property to James Koskey's parents. Therefore, § 32.10 does not authorize the Koskeys to institute inverse condemnation proceedings.

¶ 6.   In an effort to avoid this construction, the Koskeys cite *Vivid, Inc. v. Fiedler*, 174 Wis. 2d 142, 497 N.W.2d 153 (Ct. App. 1993). Vivid owned two billboard signs that needed to be removed because of a highway expansion project. Prior to Vivid's suit, the state had initiated eminent domain proceedings to acquire the land where Vivid's signs were located, but had taken no action to acquire Vivid's signs themselves. The court held that the signs constituted compensable property and that Vivid could maintain an inverse condemnation proceeding. *See id.* at 157.

¶ 7.   *Vivid* does not support the Koskeys' argument. The court concluded that Vivid could institute inverse condemnation proceedings under WIS. STAT. § 32.10 because the state had not exercised its power of condemnation with respect to Vivid's signs. The court explained that the purpose of the limitation on instituting inverse condemnation proceedings is to ensure that condemnation and inverse condemnation are not maintained at the same time with respect to the same property. *See Vivid*, 174 Wis. 2d at 157. Unlike *Vivid*, the Town had already exercised its power of condemnation over the Koskeys' land.[2]

---

[2] *Vivid* is inapplicable for other reasons as well. The supreme court later determined that WIS. STAT. § 32.10 was inapplicable because Vivid's only remedy for compensation for their signs was under WIS. STAT. § 84.30. *See Vivid, Inc. v. Fiedler*, 219 Wis. 2d 764, 769, 580 N.W.2d 644 (1998). Section 84.30

¶ 8.   The Koskeys also argue that we should read WIS. STAT. § 32.10 expansively because they have no remedy under WIS. STAT. ch. 80. We disagree. As the circuit court explained, if the Koskeys were dissatisfied with their lack of award, they could have appealed the Town's decision under WIS. STAT. § 80.24. Section 80.24(1) states that "an owner of lands through which a highway is . . . widened . . . who is not satisfied with the award of damages under s. 80.09 may, within 30 days after the filing of the award, appeal to the circuit judge for a jury to assess the damages." WISCONSIN STAT. § 80.09, in turn, provides the procedures for making an award to known and unknown property owners.

¶ 9.   The Koskeys argue that they could not have appealed under WIS. STAT. § 80.24 because they did not receive any damages. However, we see no difference between an award of no compensation and an award of an unsatisfactory amount for a property owner. The Koskeys had full knowledge and notice of the proceedings and the Town's decision not to award them any compensation. If they were dissatisfied with that decision they needed to appeal under § 80.24. A jury would have then determined whether the Koskeys owned the property and what amount would fairly compensate them.

*By the Court.*—Order affirmed.

is the Wisconsin adaptation of the federal Highway Beautification Act. *See id.* at 775.