# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP2296 |
| COMPLETE TITLE: | Maple Grove Country Club Incorporated, |
| | Plaintiff-Appellant-Petitioner, |
| | County of La Crosse, |
| | Involuntary-Plaintiff, |
| | v. |
| | Maple Grove Estates Sanitary District, |
| | Defendant-Respondent. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 382 Wis. 2d 270,915 N.W.2d 729
(2018 – unpublished)

| | |
|---|---|
| OPINION FILED: | April 23, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 21, 2019 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | La Crosse |
| JUDGE: | Elliott M. Levine |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | ABRAHAMSON, J. did not participate. |

ATTORNEYS:

For the plaintiff-appellant-petitioner, there were briefs filed by *Mark J. Steichen* and *Boardman & Clark LLP*, Madison; with whom on the brief is *Patrick J. Houlihan* and *Lawyers At Work, LLC*, LaCrosse. There was an oral argument by *Mark J. Steichen*.

For the defendant-respondent, there was a brief filed by *Kraig A. Byron* and *Von Briesen & Roper, S.C.*, Madison. There was an oral argument by *Kraig A. Byron*.

2019 WI 43

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2016AP2296
(L.C. No.  2014CV389)

STATE OF WISCONSIN                    :          IN SUPREME COURT

Maple Grove Country Club Incorporated,

       Plaintiff-Appellant-Petitioner,

County of La Crosse,

       Involuntary-Plaintiff,

    v.

Maple Grove Estates Sanitary District,

       Defendant-Respondent.

**FILED**

**APR 23, 2019**

Sheila T. Reiff
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals.  *Reversed and cause remanded.*

¶1   ANN WALSH BRADLEY, J.   The petitioner, Maple Grove Country Club, Inc., seeks review of an unpublished, per curiam decision of the court of appeals affirming the circuit court's order that dismissed the Country Club's inverse condemnation claim against Maple Grove Estates Sanitary District.[1]   The

---

[1] Maple Grove Country Club Inc. v. Maple Grove Estates Sanitary Dist., No. 2016AP2296, unpublished slip op. (Wis. Ct. App. Apr. 19, 2018) (per curiam) (affirming an order of the circuit court for La Crosse County, Elliott M. Levine, Judge).

Country Club asserts that the court of appeals erred in upholding the dismissal based on its noncompliance with Wis. Stat. § 893.80(1d) (2013-14),[2] the notice of claim statute, despite the fact that the Sanitary District did not raise noncompliance with the statute in a responsive pleading.

¶2 Specifically, the Country Club contends that noncompliance with the notice of claim statute is an affirmative defense that must be set forth in a responsive pleading lest it be waived and that it cannot instead be initially raised by motion. Conversely, the Sanitary District argues that noncompliance with the notice of claim statute is a jurisdictional prerequisite to filing suit and is not waived by the failure to plead it as an affirmative defense in a responsive pleading.

¶3 We conclude that noncompliance with the notice of claim statute is an affirmative defense that must be set forth in a responsive pleading. Because the Sanitary District failed to set forth the defense in its answer and it has not amended its answer to include it, such a defense is deemed waived.

¶4 Accordingly, we reverse the decision of the court of appeals and remand to the circuit court for further proceedings.

I

¶5 In 1978, the Town of Hamilton formed the Sanitary District. Approximately twelve years later, Tony Ceresa, the

---

[2] All subsequent references to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated.

Country Club's predecessor in title,[3] constructed a sewage treatment plant along with related collection and outflow facilities for the purpose of serving the Country Club property[4] along with a residential development.

¶6 The sewer system was initially operated by the Country Club. However, the Town provided for the election of Sanitary District commissioners in 1997 and took over operation of the system in 1998. At that time, the Sanitary District adopted a "Sewer Use and User Charge Ordinance," which obligated the Sanitary District to either lease or purchase the sewer system from the Country Club.

¶7 Consequently, the Sanitary District and the Country Club entered a five-year lease, ending on December 31, 2004. Prior to the expiration of the initial lease, the parties negotiated a second five-year lease, extending the term to December 31, 2009.

¶8 As the second lease neared its end, the Country Club informed the Sanitary District that it did not wish to renew the lease. Instead, the Country Club determined that it was in its "best interest to sell the Sanitary District facility and collection system."

---

[3] Ceresa transferred the property to the Country Club in 1995, and remained the president of the Country Club.

[4] Consisting of approximately 181 acres, the property contained a golf course, banquet facility, indoor swimming pool, meeting rooms, exercise room, pro shop, bar, and restaurant.

¶9 Likewise, the Sanitary District determined that it would not be renewing the lease, and informed the Country Club of this position by letter. It explained that "[t]he Board of Commissioners is not in a position to enter into any kind of long term agreement until we have an examination of the collection system and broader understanding as to what will be required by the DNR in regard to upgrades to the wastewater treatment plant" and that money would need to be set aside for improvements.

¶10 The Country Club responded to the Sanitary District with a letter of its own. It indicated that it was willing to either sell or continue leasing the sewer system to the Sanitary District, but that payment of some kind would be necessary:

> Given the fact that I am relatively certain that the Town/District is not going to build a new sanitary facility, that means that the District will continue to use Maple Grove's sanitary facility. Obviously, they have to pay a lease payment for that. If their intent is to operate it without paying any rent, then essentially the Town/Sanitary District is condemning, i.e. taking for a public purpose, the private property of Maple Grove Country Club. The law requires that the District would pay Maple Grove Country Club a fair market value for the facility.

¶11 Despite further communications and offers between the parties, no agreement was reached before the lease expired. The Sanitary District continued to physically occupy and operate the

4

sewer system, and has not paid any rent to the Country Club since 2010.[5]

¶12 On July 19, 2011, the Country Club served the Sanitary District with a document entitled "Notice of Circumstances of Claim Pursuant to Wis. Stat. § 893.80(1)(a)."[6] The notice stated that "the Sanitary District refuses to negotiate a fair and equitable purchase price, Lease Agreement, and/or User Agreement with respect to said Wastewater Treatment facility . . . ." It further asserted that the Sanitary District "continues to occupy and use said property belonging to Claimant contrary to Section 32.10, Wis. Stats.,[7] and Article I, Section 13 of the Wisconsin

---

[5] In 2015, the Sanitary District presented the Country Club with a check for $14,000, but the Country Club did not accept the check.

[6] At the time the notice was filed, the relevant statute was numbered Wis. Stat. § 893.80(1)(a). Effective April 12, 2012, the statute was renumbered as § 893.80(1d)(a). See 2011 Wis. Act 162, § 1g. After renumbering, the substance remained the same.

[7] Wisconsin Stat. § 32.10, entitled "Condemnation proceedings instituted by property owner," provides:

> If any property has been occupied by a person possessing the power of condemnation and if the person has not exercised the power, the owner, to institute condemnation proceedings, shall present a verified petition to the circuit judge of the county wherein the land is situated asking that such proceedings be commenced. The petition shall describe the land, state the person against which the condemnation proceedings are instituted and the use to which it has been put or is designed to have been put by the person against which the proceedings are instituted. A copy of the petition shall be served upon the person who has occupied petitioner's land, or interest in land. The
> (continued)

5

Constitution" without paying any rent or just compensation.[8]  The notice specified that no claim for damages was made "at this time."  The Sanitary District did not respond to the Notice of Circumstances of Claim.

¶13 Almost three years after filing the Notice of Circumstances of Claim, the Country Club initiated this action in the circuit court.  It brought two causes of action against the Sanitary District, one for inverse condemnation[9] and the other for unlawful sanitary sewer charges and levy of taxation.  In its complaint, the Country Club asserted that it had

> petition shall be filed in the office of the clerk of the circuit court and thereupon the matter shall be deemed an action at law and at issue, with petitioner as plaintiff and the occupying person as defendant.  The court shall make a finding of whether the defendant is occupying property of the plaintiff without having the right to do so. If the court determines that the defendant is occupying such property of the plaintiff without having the right to do so, it shall treat the matter in accordance with the provisions of this subchapter assuming the plaintiff has received from the defendant a jurisdictional offer and has failed to accept the same and assuming the plaintiff is not questioning the right of the defendant to condemn the property so occupied.

[8] Article I, Section 13 of the Wisconsin Constitution sets forth:  "The property of no person shall be taken for public use without just compensation therefor."

[9] Inverse condemnation is a procedure by which a property owner petitions the circuit court to institute condemnation proceedings.  Koskey v. Town of Bergen, 2000 WI App 140, ¶1 n.1, 237 Wis. 2d 284, 614 N.W.2d 845.  It "allows a property owner to institute condemnation proceedings against anyone who possesses, but fails to exercise, the power of condemnation."  Id., ¶5.

"provided the requisite notice under Section 893.80, Wis. Stats[,]" specifically referencing the July 19, 2011, Notice of Circumstances of Claim.

¶14 The Sanitary District filed an answer to the complaint, as well as a counterclaim. In its answer, it raised six affirmative defenses: (1) the Country Club failed to state a claim for which relief can be granted; (2) the Country Club's claims are barred by the doctrine of laches; (3) the applicable statute of limitations bars the claims; (4) sovereign immunity bars the Country Club's claims; (5) the claims are barred by the doctrine of res judicata; and (6) the Country Club lacks standing. It denied the Country Club's allegation that the notice of claim statute had been complied with, but did not affirmatively plead that the Country Club had failed to comply with the statute.

¶15 Both parties filed summary judgment motions. The Sanitary District sought summary judgment on its counterclaim that it was entitled to recover delinquent sanitary sewer charges from the Country Club. Conversely, the Country Club argued that it was entitled to partial summary judgment declaring that the Sanitary District had acquired the Country Club's property via inverse condemnation.

¶16 In its brief opposing the Country Club's motion for partial summary judgment, the Sanitary District raised an assertion that the Country Club had failed to comply with the notice of claim procedures set forth in Wis. Stat. § 893.80. The Sanitary District argued that the Notice of Circumstances of

Claim filed by the Country Club suffered from two defects:  that it was not timely filed and that it did not contain an itemized statement of the relief sought as is required by § 893.80(1d)(b).[10]  In response, the Country Club contended that the Sanitary District had waived the defense of noncompliance with the notice of claim statute by failing to plead the defense in its answer.

¶17  After holding an evidentiary hearing, the circuit court dismissed the Country Club's inverse condemnation claim. It concluded that the Country Club had failed to comply with the notice of claim statute.  Specifically, it determined that the notice was "untimely and incomplete."  In the circuit court's view, the notice was untimely because it was received over 120 days after the event giving rise to the claim and it was incomplete because it did not include an itemized statement of the relief sought.  The circuit court did not address the Country Club's argument that the Sanitary District had waived the defense.

¶18  The Country Club sought leave to file an interlocutory appeal, and the court of appeals granted its petition.[11]  On appeal, the court of appeals limited the issues to "whether the Sanitary District waived its notice of claim defense by failing

---

[10] Wisconsin Stat. § 893.80(1d)(b) provides in relevant part that a notice of claim must contain "the address of the claimant and an itemized statement of the relief sought . . . ."

[11] See Wis. Stat. § 808.03(2).

to plead it, and whether the District's answer should be considered as amended to present that defense so as to conform to the evidence, under Wis. Stat. § 802.09(2)."

¶19 Ultimately, the court of appeals affirmed the circuit court's dismissal of the inverse condemnation claim. It determined that the "Sanitary District did not waive its notice of claim defense by failing to plead it." Maple Grove Country Club Inc. v. Maple Grove Estates Sanitary Dist., No. 2016AP2296, unpublished slip op., ¶1 (Wis. Ct. App. Apr. 19, 2018) (per curiam).

¶20 The court of appeals reached this conclusion with significant reservations. Specifically, it determined that it was bound to follow Lentz v. Young, 195 Wis. 2d 457, 536 N.W.2d 451 (Ct. App. 1995), even though it "questioned" the correctness of the Lentz decision. Maple Grove Country Club, No. 2016AP2296, unpublished slip op., ¶1.

¶21 In reviewing relevant case law, the court of appeals observed Lentz's broad and unqualified holding that "a defendant may raise an affirmative defense by motion." Id., ¶5 (quoting Lentz, 195 Wis. 2d at 467). Following Lentz, it concluded that "the District preserved its notice of claim affirmative defense by raising it on summary judgment." Maple Grove Country Club, No. 2016AP2296, unpublished slip op., ¶6.

¶22 However, the court of appeals opined that "Lentz almost certainly misinterpreted prior case law in a way that is not consistent with relevant statutes." Id., ¶7. Namely, it stated that "[t]he statutes do not appear to contemplate that

9

affirmative defenses will be asserted for the first time in a motion for summary judgment that <u>follows</u> the pleadings." <u>Id.</u>, ¶8.

¶23 In conclusion, the court of appeals summarized its concern that <u>Lentz</u> upends the statutory scheme:

> In summary, the seemingly unqualified rule that was applied in <u>Lentz</u> obliterates the statutory scheme. <u>Lentz</u> replaces that scheme with a simple rule that affirmative defenses need not be pled, but instead need only be raised by motion before trial. But <u>Lentz</u> does not cite any statute or case law that supports such a rule. Nonetheless, we are bound by our own prior decision and may not overrule, modify, or withdraw its language. <u>Cook v. Cook</u>, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997). We are permitted to "signal" our "disfavor," but may not overrule the prior decision. <u>Id.</u> at 190.

<u>Maple Grove Country Club</u>, No. 2016AP2296, unpublished slip op., ¶14.

II

¶24 We are asked to determine whether noncompliance with the notice of claim statute is an affirmative defense or a jurisdictional prerequisite to filing suit. If it is a defense, then we additionally are called upon to determine whether the Sanitary District waived the defense of noncompliance with the notice of claim statute by failing to plead the defense in its answer.

¶25 Our review of these questions requires the interpretation of Wisconsin's notice of claim and civil procedure statutes. Statutory interpretation presents a question of law that this court reviews independently of the

determinations rendered by the circuit court and court of appeals.  Metro. Assocs. v. City of Milwaukee, 2018 WI 4, ¶24, 379 Wis. 2d 141, 905 N.W.2d 784.

### III

¶26 For context, we begin by setting forth background on the notice of claim statute and its requirements.  We address next whether the notice of claim statute provides for an affirmative defense or whether it establishes a jurisdictional prerequisite to filing suit.  Subsequently, we consider whether noncompliance with the notice of claim statute must be raised in a responsive pleading lest it be waived.  This requires an examination of the notice of claim statute's relationship with the civil procedure statutes.

### A

¶27 Wisconsin's notice of claim statute is found in Wis. Stat. § 893.80(1d).  It has two provisions that serve different purposes.  Yacht Club at Sister Bay Condo. Ass'n, Inc. v. Vill. of Sister Bay, 2019 WI 4, ¶19, 385 Wis. 2d 158, 922 N.W.2d 95. When referring to the statute as a whole, we refer to it as the "notice of claim statute" in accordance with past case law.  Id.

¶28 The first part of the notice of claim statute is the "notice of injury" provision, set forth in Wis. Stat. § 893.80(1d)(a), which affords governmental entities the opportunity to investigate and evaluate potential claims.[12]

---

[12] We treat the "Notice of Circumstances of Claim" filed by the Country Club as the "notice of injury" required by Wis. Stat. § 893.80(1d)(a).

*Griffin v. Milwaukee Transp. Servs., Inc.*, 2001 WI App 125, ¶15, 246 Wis. 2d 433, 630 N.W.2d 536. It provides that a person who has a potential claim against an enumerated governmental entity must notify the governmental entity of the claim "[w]ithin 120 days after the happening of the event":

> (1d) Except as provided in subs. (1g), (1m), (1p) and (8), no action may be brought or maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employee of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

> (a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employee under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employee . . . .

§ 893.80(1d)(a).

¶29 Subsection (1d)(b) is the "notice of claim" provision, which provides information that gives a municipality the opportunity to compromise and settle a claim in order to avoid the burdens of litigation. *Griffin*, 246 Wis. 2d 433, ¶15. It requires that, in addition to the notice of injury set forth in Wis. Stat. § 893.80(1d)(a), a potential claimant must file the

12

following specific information with the governmental actor against whom the claim is made:

> A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant fire company, corporation, subdivision or agency and the claim is disallowed.

§ 893.80(1d)(b).

B

¶30 As an additional threshold matter, we must clarify whether the notice of claim statute creates an "affirmative defense" or a jurisdictional prerequisite to filing suit.

¶31 The Sanitary District argues that case law compels the conclusion that the notice of claim statute creates a jurisdictional prerequisite to filing suit rather than an affirmative defense. It cites Mannino v. Davenport, 99 Wis. 2d 602, 299 N.W.2d 823 (1981), for this proposition. In Mannino, the court determined that a lack of notice of injury in the context of a claim made against state employees "is a defense which is not waived by the failure to affirmatively assert it as part of a responsive pleading."[13] Id. at 609.

---

[13] Mannino v. Davenport, 99 Wis. 2d 602, 299 N.W.2d 823 (1981), examined Wis. Stat. § 895.45 (1975-76), which has since been renumbered as § 893.82 (2013-14). In relevant part, § 893.82 provides:

> (3) Except as provided in sub. (5m), no civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's
> (continued)

13

¶32 There is a crucial difference between the statute at issue in Mannino, Wis. Stat. § 893.82(3), and the statute at issue here, § 893.80(1d). Section 893.82(3) requires strict compliance while § 893.80(1d) does not. Importantly, § 893.80(1d) contains a provision allowing for an action to survive if the defendant had actual notice of the claim and was not prejudiced by any defect in the notice that was filed. See § 893.80(1d)(a).

¶33 Indeed, the Mannino court based its analysis in part on the conclusion that "the terms of sec. 895.45 provide that no action may be brought unless a notice is served upon the attorney general." Mannino, 99 Wis. 2d at 612 (emphasis added); see Wis. Stat. § 893.82(3). Thus, because strict compliance is necessary and there is no way around the statute's notice requirements, as there is with the actual notice and lack of prejudice provision of the notice of claim statute at issue

---

duties, and no civil action or civil proceeding may be brought against any nonprofit corporation operating a museum under a lease agreement with the state historical society, unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved. Except as provided under sub. (3m), a specific denial by the attorney general is not a condition precedent to bringing the civil action or civil proceeding.

here, lack of compliance with § 893.82(3) cannot be waived. See Mannino, 99 Wis. 2d at 612. The fact that § 893.80(1d) does not require strict compliance is significant. Accordingly, Mannino's interpretation of § 893.82(3) is inapposite to the issue before us and does not compel the conclusion the Sanitary District seeks.

¶34 Rather, case law favors the Country Club's assertion that the notice of claim statute provides for an affirmative defense. An affirmative defense is "a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim even if all allegations in the complaint are true." State v. Watkins, 2002 WI 101, ¶39, 255 Wis. 2d 265, 647 N.W.2d 244 (quoting Black's Law Dictionary 151 (7th ed. 1999)).

¶35 Noncompliance with the notice of claim statute fits within this definition, especially given our case law determining that the statute is a "'condition in fact requisite to liability,' but is not a condition required for stating a cause of action." Rabe v. Outagamie Cty., 72 Wis. 2d 492, 498, 241 N.W.2d 428 (1976) (citing Majerus v. Milwaukee Cty., 39 Wis. 2d 311, 317, 159 N.W.2d 86 (1968)). Case law has further referred to noncompliance with the notice of claim statute as a "defense." Weiss v. City of Milwaukee, 79 Wis. 2d 213, 228, 255 N.W.2d 496 (1977); Elkhorn Area Sch. Dist. v. East Troy Cmty. Sch. Dist., 110 Wis. 2d 1, 5, 327 N.W.2d 206 (Ct. App. 1982). We have also stated that it must be "affirmatively pled." Thorp

15

_v. Town of Lebanon_, 2000 WI 60, ¶24, 235 Wis. 2d 610, 612 N.W.2d 59.

¶36 We therefore clarify that noncompliance with the notice of claim statute set forth in Wis. Stat. § 893.80 is an affirmative defense and not a jurisdictional prerequisite to filing suit.

C

¶37 Having clarified that noncompliance with the notice of claim statute is properly categorized as an affirmative defense, we turn next to consider the question of whether the defense must be raised in a responsive pleading, as the Country Club argues, or if it can instead be initially raised by motion, as the Sanitary District contends.

¶38 Answering this question requires us to interpret Wisconsin's civil procedure statutes. Statutory interpretation begins with the language of the statute. _State ex rel. Kalal v. Circuit Court for Dane Cty._, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the statute is plain, we need not further the inquiry. _Id._

¶39 We begin our examination of the civil procedure statutes with Wis. Stat. § 802.02(3), entitled "Affirmative defenses," which provides:

> In pleading to a preceding pleading, a party shall set forth affirmatively any matter constituting an avoidance or affirmative defense including but not limited to the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of a condition subsequent,

16

failure or want of consideration, failure to mitigate damages, fraud, illegality, immunity, incompetence, injury by fellow servants, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, superseding cause, and waiver. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall permit amendment of the pleading to conform to a proper designation. If an affirmative defense permitted to be raised by motion under s. 802.06(2) is so raised, it need not be set forth in a subsequent pleading.

¶40 We observe two notable features of Wis. Stat. § 802.02(3) in the context of this case. First, the plain statutory language sets forth a general rule that affirmative defenses "shall" be set forth in a "pleading to a preceding pleading," or in more common terms, a responsive pleading such as an answer. § 802.02(3).

¶41 Second, we observe that Wis. Stat. § 802.02(3)'s list of affirmative defenses that must be set forth in a responsive pleading does not include noncompliance with the notice of claim statute. However, the statute explicitly provides that the list is nonexhaustive. § 802.02(3) (setting forth a list of defenses that is "including but not limited to the following" (emphasis added)).

¶42 Having set forth the general rule of Wis. Stat. § 802.02(3), we turn next to § 802.06(2)(a), which provides:

Every defense, in law or fact, except the defense of improper venue, to a claim for relief in any pleading, whether a claim, counterclaim, cross claim, or 3rd-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

17

1. Lack of capacity to sue or be sued.

2. Lack of jurisdiction over the subject matter.

3. Lack of jurisdiction over the person or property.

4. Insufficiency of summons or process.

5. Untimeliness or insufficiency of service of summons or process.

6. Failure to state a claim upon which relief can be granted.

7. Failure to join a party under s. 803.03.

8. Res judicata.

9. Statute of limitations.

10. Another action pending between the same parties for the same cause.

¶43 Wisconsin Stat. § 802.06(2) confirms the general rule of § 802.02(3): that affirmative defenses <u>shall</u> be raised in a responsive pleading. However, § 802.06(2) provides an exception to that general rule, which indicates that the ten enumerated defenses "may at the option of the pleader be made by motion." If any of the listed defenses are raised by motion, § 802.06(2)(b) dictates that such a motion "shall be made before pleading if a further pleading is permitted."

¶44 For our purposes, it is significant that the ten enumerated defenses that may be raised by motion do not include noncompliance with the notice of claim statute. Unlike the list of affirmative defenses in Wis. Stat. § 802.02(3), the list of ten defenses in § 802.06(2)(a) is exhaustive. There is no language indicating that the list is "not limited to" the enumerated defenses as there is in § 802.02(3).

18

¶45 The plain language of these two statutes in tandem therefore indicates that affirmative defenses, except the ten enumerated defenses, must be raised in a responsive pleading. Because noncompliance with the notice of claim statute is not one of the ten enumerated defenses, it likewise must be raised in a responsive pleading.

¶46 Despite the clear statutory language, the court of appeals arrived at an opposite result. Although it questioned the decision and signaled its disfavor, the court of appeals determined that it was bound by Lentz, 195 Wis. 2d 457. Maple Grove Country Club, No. 2016AP2296, unpublished slip op., ¶14; see Cook, 208 Wis. 2d at 190. In Lentz, the court of appeals stated that "a defendant may raise an affirmative defense by motion." Lentz, 195 Wis. 2d at 467. As the court of appeals here correctly observed, such a broad statement is inconsistent on its face with Wis. Stat. §§ 802.02(3) and 802.06(2). See Maple Grove Country Club, No. 2016AP2296, unpublished slip op., ¶7.

¶47 The Lentz court cited Robinson v. Mount Sinai Medical Center, 137 Wis. 2d 1, 16-17, 402 N.W.2d 711 (1987), for the broad proposition that any affirmative defense may always be raised by motion. However, Robinson's language explicitly limits its determination to the defense of statute of limitations, which was the specific defense raised in that case: "The affirmative defense of the statute of limitations must be raised in a pleading, or by a motion, or be deemed waived." Id. at 17. This is an unremarkable proposition given the language

19

of Wis. Stat. § 802.06(2)(a)9., which provides that statute of limitations is a defense that may be raised by motion prior to a responsive pleading.

¶48  Thus, Lentz misinterpreted this passage from Robinson to apply to all affirmative defenses.  Lentz cannot be reconciled with the plain statutory language of Wis. Stat. §§ 802.02(3) and 802.06(2).  Accordingly, we overrule Lentz because it allows a defendant to initially raise by motion an affirmative defense not listed in § 802.06(2).[14]

¶49  In an attempt to compel the opposite conclusion, the Sanitary District argues first that by denying in its answer the Country Club's allegation of compliance with the notice of claim statute, it has sufficiently raised the defense.  We disagree. A plaintiff is not required to plead compliance with the notice of claim statute in the first instance.  Rabe, 72 Wis. 2d at 498.  The Sanitary District's denial was the result of the mere fortuity that the Country Club pled compliance.

¶50  Instead of simply denying the allegation of compliance, case law establishes that "[a] governmental entity must affirmatively plead that a plaintiff did not comply" with the notice of claim statute.  Thorp, 235 Wis. 2d 610, ¶24;

---

[14] The Lentz court's holding that "an employer's intentional sexual harassment of an employee is not an 'accident' within the parameters of the [Worker's Compensation Act]" retains vitality. Lentz v. Young, 195 Wis. 2d 457, 462, 536 N.W.2d 451 (Ct. App. 1995).  However, that conclusion was subsequently limited by Peterson v. Arlington Hosp. Staffing, Inc., 2004 WI App 199, ¶¶16-21, 276 Wis. 2d 746, 689 N.W.2d 61.

20

<u>Weiss</u>, 79 Wis. 2d at 228 ("The city was required to plead the lack of compliance with sec. 895.43(1), Stats., as a defense."). As analyzed above, Wis. Stat. §§ 802.02(3) and 802.06(2) compel this result.

¶51 After failing to raise the notice of claim statute in a responsive pleading, the Sanitary District could have amended its answer once "as a matter of course at any time within 6 months after the summons and complaint [were] filed . . . ." Wis. Stat. § 802.09(1). It could have done so any time thereafter "by leave of court," which "shall be freely given at any stage of the action when justice so requires." <u>Id.</u> Yet it has not availed itself of that option.

¶52 Even if the Sanitary District could raise noncompliance with the notice of claim statute in a motion for summary judgment, its attempt to do so here would still be unsuccessful. Wisconsin Stat. § 802.06(2)(b) dictates that such a motion "shall be made before pleading if a further pleading is permitted." The Sanitary District brought its motion far later than this.

¶53 The Sanitary District contends next that <u>Anderson v. City of Milwaukee</u>, 208 Wis. 2d 18, 559 N.W.2d 563 (1997), compels the conclusion that noncompliance with the notice of claim statute cannot be waived. This argument misses the mark.

¶54 In <u>Anderson</u>, this court addressed the damages limitation in Wis. Stat. § 893.80(3),[15] determining that it "is
_____
[15] Wisconsin Stat. § 893.80(3) provides:

(continued)

21

not an affirmative defense that is deemed waived if not raised in a responsive pleading or by motion." Id., ¶21. Significant in the Anderson court's analysis was its observation that the damages cap in § 893.80(3) is not a complete bar to recovery. Id. (citing Snyder v. City of Minneapolis, 441 N.W.2d 781, 788 (Minn. 1989) ("[A]s the cap also does not bar plaintiff's action completely it would appear Wright and Miller's surprise factor does dictate the cap need not be pled as an affirmative defense."). Stated differently, § 893.80(3) does not prevent a plaintiff from maintaining an action, but rather limits the amount of damages that may be recovered.

¶55 In contrast, if noncompliance with either the notice of injury or notice of claim provision of Wis. Stat. § 893.80(1d) is properly raised and established and the

> Except as provided in this subsection, the amount recoverable by any person for any damages, injuries or death in any action founded on tort against any volunteer fire company organized under ch. 181 or 213, political corporation, governmental subdivision or agency thereof and against their officers, officials, agents or employees for acts done in their official capacity or in the course of their agency or employment, whether proceeded against jointly or severally, shall not exceed $50,000. The amount recoverable under this subsection shall not exceed $25,000 in any such action against a volunteer fire company organized under ch. 181 or 213 or its officers, officials, agents or employees. If a volunteer fire company organized under ch. 181 or 213 is part of a combined fire department, the $25,000 limit still applies to actions against the volunteer fire company or its officers, officials, agents or employees. No punitive damages may be allowed or recoverable in any such action under this subsection.

22

plaintiff fails to demonstrate actual notice and lack of prejudice, then dismissal of the action is required.[16] Anderson's analysis was specific to the language, history, and context of § 893.80(3) and therefore does not inform our analysis of § 893.80(1d).

¶56 Accordingly, we conclude that noncompliance with the notice of claim statute is an affirmative defense that must be set forth in a responsive pleading. Because the Sanitary District failed to set forth the defense in its answer and it has not amended its answer to include it, such a defense is deemed waived.[17]

¶57 We therefore reverse the decision of the court of appeals and remand the cause to the circuit court for further proceedings.

---

[16] That is, "[f]ailure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision, or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial . . . ." Wis. Stat. § 893.80(1d)(a).

[17] The Country Club also raised in its petition for review the issue of whether it complied with the substantive requirements of the notice of claim statute. It argues that the Sanitary District had actual notice of the need to institute condemnation proceedings and the relief that the Country Club sought, and that the Sanitary District was not prejudiced by the lack of a timely formal notice. Because we deem waived the Sanitary District's defense of noncompliance with the notice of claim statute, we need not address whether the Country Club met the statute's substantive requirements.

23

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded to the circuit court.

¶58 SHIRLEY S. ABRAHAMSON, J., withdrew from participation.